# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

BRANIMIR SIMIC-GLAVASKI, et al.,     :

                                  :     **Case No. 1:07CV2718**

        **Plaintiffs,**          :

                                    :     **JUDGE KATHLEEN O'MALLEY**

      **v.**                         :

                                    :

LIFEWARE TECHNOLOGIES, INC., et al.,     :     <u>**ORDER**</u>

                                    :

         **Defendants.**         :

       Before the Court is Defendant Steven Maupin's ("Maupin") *Motion to Dismiss Plaintiffs' Third Claim for Relief for Lack of Subject Matter Jurisdiction* (Doc. 14) in which he argues that the Court should dismiss count three of plaintiffs' complaint for lack of subject matter jurisdiction. Count three of plaintiffs' complaint alleges that defendants misappropriated plaintiffs' property by failing to identify plaintiffs as the inventors of United States provisional patent application Serial No. 60/724,975 (the "provisional patent"). It is undisputed that no patent has yet issued from the application.

       Maupin argues that the Court should dismiss plaintiffs' claim for lack of subject matter jurisdiction. Maupin suggests that, while a patent application is pending, such a claim is properly brought before the United States Patent and Trademark Office (the "PTO"), and not a United States District Court. In support, Maupin cites <u>E.I. Du Pont de Nemours & Co. v. Okuley</u>, 344 F.3d 578, 583-84 (6th Cir. 2003), for the proposition that the question of inventorship is solely within the purview of the PTO until a patent is issued, at which time the jurisdiction over inventorship passes

1

to the district courts.  In response, plaintiffs argue that the Court has jurisdiction: (a) under 28 U.S.C. § 1338(a) because the claim arises under patent law;[1] or (b) that, pursuant to 28 U.S.C. § 1367, the Court must exercise supplemental jurisdiction over the claim.

In Okuley, the Sixth Circuit specifically addressed the authority of the PTO and the district courts with respect to the question of inventorship.  In essence, the Court found that the variations in the language of 35 U.S.C. § 116 (addressing individuals named on a *patent application*) and 35 U.S.C. § 256 (addressing individuals named on an *issued patent*) conveys Congress' clear: "inten[t] to draw a distinction between patent applications and issued patents."  Id. at 584.  The Sixth Circuit held:

> While the patent is still in the process of gestation, it is solely within the authority of the Director.  As soon as the patent actually comes into existence, the federal courts are empowered to correct any error that the Director may have committed.  Such a scheme avoids premature litigation and litigation that could become futile if the Director declined to grant a patent or voluntarily acceded to the claims of the would-be inventor prior to issue.  *We conclude, therefore, that the district court lacked jurisdiction to review the inventorship of an unissued patent.*

Id. (emphasis added); see also Sagoma Plastics, Inc. v. Gelardi, 366 F.Supp.2d 185, 188 (D.Me. 2005) (dismissing a claim involving a question of inventorship of an unissued patent, reasoning: "a court might grant relief to a plaintiff inventor only to have the PTO . . . . deny the patent application

---

[1] Alternatively, plaintiffs suggest that: "The issue [in count three] is not to determine inventorship with regard to Maupin's patent application, but rather, a determination of the inventorship of the existing patents and the technology covered thereby."  Simply stated, this is not how the complaint reads, either explicitly or implicitly.  Instead, the relevant assertions of count three are: "Plaintiffs discussed their invention with Defendant Steve Maupin . . . .  Maupin filed [a] U.S. provisional patent application . . . .  the Maupin patent application fails to identify Plaintiffs as the inventors . . . .  This misrepresentation amounts to fraud on the U.S. Patent Office."  See Compl. ¶¶ 49-51.  These allegations are plainly a challenge to the inventorship of the unissued patent.

2

in its entirety.  It seems unlikely that Congress intended to authorize a scheme in which such a waste of scarce judicial resources was possible."); Airport Surface Technologies L.L.C. v. FieldTurf, Inc., 268 F.Supp.2d 999 (N.D.Ill. 2003) ("the . . . issue is whether Carr or Prévost has priority of invention in the subject matter common to both sets of patent applications.  This is a question in which jurisdiction lies exclusively with the USPTO.").  This Court finds Okuley to be directly on point and, therefore, controlling precedent with respect to whether a district court has jurisdiction to review the question of inventorship of an unissued patent.  The Court is unpersuaded by plaintiffs' suggestion that Okuley is distinguishable here because, "the 'unissued patent' in the present case relates directly to the technology derived from existing patents, which are the subject of the license agreement."  Opp. Br. at 5.  The Sixth Circuit's holding is unambiguous and carves out no such exception.  To the extent the genesis of the existing patents bears on the inventorship of the provisional patent application, the PTO can consider those facts.

Finally, the Court rejects plaintiffs' argument that it  must exercise supplemental jurisdiction over count three.  The Court finds the District Court's disposition of that question in Fieldturf, Inc., to be the correct one.  In Fieldturf, Inc., the court reasoned: "35 U.S.C. § 135 expressly provides that the USPTO has exclusive jurisdiction over interference proceedings involving solely pending patent applications.  The court will not usurp the exclusive power of an administrative agency once Congress has spoken on the issue."  268 F.Supp.2d at 1004.  The Court agrees with the holding in Fieldturf, Inc., that, under such circumstances, the provision for invoking supplemental jurisdiction is not applicable.

For the foregoing reasons, *Maupin's Motion to Dismiss Plaintiffs' Third Claim for Relief for Lack of Subject Matter Jurisdiction* (Doc. 14) is **GRANTED**.

3

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley

KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE

**Dated: February 14, 2008**

4